In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of THE CHAUTAUQUA COUNTY PATRONS' FIRE RELIEF ASSOCIATION, Employer, Respondent.

FRIEDA S. MILLER, as Industrial Commissioner, Appellant.

Third Department, January 21, 1942.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General; W. Gerard Ryan, Assistant Attorney-General, of counsel],* for the appellant.

*Clive L. Wright [Arthur E. Laudenslager of counsel],* for the respondent.

BLISS, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, dated August 5, 1940, reversing the decision of an unemployment insurance referee, dated February 7, 1940, that the directors of the Chautauqua County Patrons' Fire Relief Association, respondent, who were performing the functions of fire insurance agents, solicitors and adjusters, were employees of the respondent within the meaning of the Unemployment Insurance Law, and that respondent is liable for contributions based upon their earnings while performing such duties.

The only question involved is whether these directors were employees. The respondent is a mutual assessment co-operative

fire insurance company engaged in underwriting fire and lightning insurance upon agricultural risks exclusively within the county of Chautauqua. Its affairs are directed by a board of thirty-four directors, one from each of the thirty-four subordinate granges in Chautauqua county. They are nominated by the granges and elected by the policyholders of the association and serve for a term of two years. The board of directors elects the officers and performs many of its functions through an executive committee. In addition, each director writes all the fire insurance taken by the association in his territory, collects the initial policy fees and the assessments and remits them to the home office. He also adjusts fire losses. For those duties he receives two dollars for each policy written, plus a commission representing a percentage of the assessment on the policy, and is paid three dollars for adjusting a fire loss. Before writing a policy the director must examine the premises to be insured and make an appraisal thereof for the purpose of determining the amount of the policy. He may call in another director to assist him in adjusting a fire loss, which other director is paid five dollars by the association. He may also call in a building contractor to assist him in appraising the damage, and he may order the damaged property rebuilt rather than to pay the insurance in cash. The association employs no brokers or agents other than its own directors, some of whom solicit insurance for other companies.

The directors perform the usual functions of a fire insurance agent in addition to being directors. So far as the affairs of the association are concerned, it is the directors, as their name implies, who exercise the direction and control over the association rather than the association directing and controlling its directors. These directors are in no sense employees when performing the usual functions of a director. The direction and control requisite to the relation of employer and employee are wholly lacking and such direction and control as exist run in the opposite direction. The fact that these directors act as agents of the association in soliciting business, collecting premiums and adjusting losses, does not make them employees. They are independent agents, some of them representing other insurance companies, and, here again, the direction and control of a master over his servant are conspicuous by its absence. We may assume that these directors when acting as agents, as is customary with fire insurance agents, do so according to their own methods and at such times and in such manner as they see fit, and that the association is primarily interested in the ultimate result. In this respect they are the same as other fire insurance agents, some of whom represent many companies,

and who act upon their own in selling the insurance and doing the many other things that an agent does to keep his own customers satisfied.

The decision of the Unemployment Insurance Appeal Board should be affirmed.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Decision affirmed, with costs.